**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **AMERICAN AUTOMOBILE ASSOCIATION,** ) ) **Plaintiff,** ) ) ) v. ) ) **AAA ATLANTIC LIMOUSINE, INC.,** ) ) **Defendant.** ) | FILED: MARCH 13, 2009 09CV1603 JUDGE KOCORAS MAGISTRATE JUDGE DENLOW BR<br><br><br>Civil Action No. 09-CV-_____ |

## COMPLAINT

Plaintiff American Automobile Association ("AAA") brings this Complaint for monetary damages and injunctive and other relief against Defendant AAA Atlantic Limousine, Inc. ("Defendant"). AAA alleges as follows:

### NATURE OF ACTION

1.　This is an action for trademark infringement, false designation of origin, and unfair competition, in violation of sections 32(1) and (2) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1)-(2), 1125(a) (2006); for dilution of AAA's trademarks in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); for deceptive trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*, and the Illinois Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2 *et seq.*; and for trademark infringement in violation of the common law of Illinois. AAA seeks an injunction prohibiting Defendant from using in commerce Plaintiff's "AAA" trademarks. In addition, and pursuant to

section 35 of the Lanham Act, 15 U.S.C. § 1117, AAA seeks compensatory damages, Defendant's profits from the violations alleged, and AAA's costs and attorneys' fees incurred in bringing this action.

2. AAA has owned the relevant "AAA" trademarks (collectively, "AAA Marks") for decades and has achieved considerable name recognition and goodwill in them.

3. AAA neither has authorized nor consented to Defendant's use of the AAA Marks in commerce. Defendant registered and uses its name "AAA Atlantic Limousine, Inc.," with full knowledge that AAA has not authorized it to do so. Such use of the AAA Marks has caused and causes confusion among the public because consumers believe that Defendant is associated, affiliated, or connected with AAA, or that AAA has sponsored, authorized, approved, or endorsed Defendant's business or products.

4. Defendant's use of the AAA Marks also has diminished the ability of AAA's famous and distinctive AAA Marks to identify and distinguish the products and services provided under those trademarks by AAA and its affiliated local clubs. Defendant, thus, has diluted the distinctive quality of the AAA Marks.

5. Defendant thus has made unauthorized commercial use of the AAA Marks in the United States, and in Illinois, to its benefit and to the detriment of AAA and the public, in violation of the laws identified above.

**PARTIES**

6. Plaintiff AAA is a not-for-profit non-stock corporation organized and existing under the laws of the State of Connecticut. AAA has its principal place of business in Heathrow, Florida. AAA provides its more than 50 million members with a wide variety of automobile

club, travel, and car rental services and certifies and rates such services throughout the United States, including in Illinois.

7. AAA Atlantic Limousine, Inc., is an Illinois corporation with its principal place of business at 351 Mallond Court, Vernon Hills, Illinois 60061.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121 (2006); 28 U.S.C. § 1331 (2006); 28 U.S.C. § 1338 (2006), and 28 U.S.C. § 1367 (2006).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) (2006). Defendant is a corporation subject to personal jurisdiction in, and therefore resides in, this judicial district; and a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTS ENTITLING AAA TO RELIEF

**A.  AAA's Widespread and Substantial Use of Its Registered AAA Marks**

10. AAA has used its AAA Marks widely, continuously, and for decades to identify itself and its automobile club services and to distinguish those services from services provided by others.

11. AAA has registered with the United States Patent and Trademark Office more than one hundred of its trademarks, including:

- U.S. Service Mark Registration No. 829,265, for the mark "AAA" used at least since 1916 to identify, among other things, the AAA's "providing [of] emergency road service," rendering of "automobile association services" to automobile

owners, "arranging for discount purchases," and, since 1902, AAA's "making travel arrangements."

- U.S. Service Mark Registration No. 2,158,654, for the mark "AAA" used at least 1997 to identify, among other things, the AAA's "travel agency services, namely, making reservations and booking for transportation."

- U.S. Service Mark Registration No. 849,999, for the mark "AAA" used at least since 1966 to identify AAA's "travel agency services."

12. These registration has become "incontestable" under section 15 of the Lanham Act, 15 U.S.C. § 1065 (2006), thereby constituting conclusive and independent evidence of AAA's exclusive right to use the AAA Marks in commerce in connection with those products and services.

13. Only those businesses that are part of AAA's network of affiliates and approved service providers are authorized to use or display the AAA Marks. Consequently, AAA members and the public have come to trust and believe that entities displaying the AAA Marks are affiliated with, or endorsed or approved by, AAA and that they satisfy AAA's high standards for quality and reliability.

14. AAA enjoys a tremendous amount of goodwill and name recognition as a result of its use of the AAA Marks and its extensive advertising and promotion of the AAA Marks in Illinois and throughout the United States.

15. The AAA Marks are distinctive: consumers and members of the public recognize that goods and services marketed under the AAA Marks originate, are approved or endorsed by, or are affiliated with, AAA.

16. As a result of their widespread use and recognition, the AAA Marks have become assets of substantial value and goodwill as distinguishing symbols of AAA and the services it offers. Indeed, the AAA Marks have become famous for the services offered by AAA, and the public has come to associate the "AAA" name with trustworthy service and advice.

**B. Defendant's Unlawful Use of the AAA Marks**

17. On information and belief, Defendant uses as its name "AAA Atlantic Limousine, Inc.," which prominently includes the AAA Marks.

18. Defendant uses the AAA Marks in commerce without authorization from AAA to do so.

19. To advertise to and solicit consumers and the public, Defendant has caused to be placed on the Internet and in publications distributed in this state advertisements for the services it offers that prominently display the AAA Marks.

20. Defendant's infringing use of the AAA Marks in connection with its business is likely to confuse and mislead consumers into believing that the services offered by Defendant are approved, provided, endorsed, or rated by AAA, which they are not, and into believing that Defendant's services are currently rated positively by AAA and meet AAA's high standards.

21. Upon information and belief, Defendant has acted and used the AAA Marks with actual knowledge of AAA's longstanding and widespread use of the AAA Marks, as well as with actual knowledge that Defendant is not authorized to use the AAA Marks.

22. Defendant's use of the AAA Marks has substantially harmed AAA, the AAA Marks, the goodwill associated with the AAA Marks, and the public.

### C. Defendant's Failure to Comply with AAA's Demands

23. Upon learning that Defendant was using the AAA Marks, on October 30, 2007, and continuously thereafter, AAA notified Defendant in writing that Defendant was required immediately and permanently to cease and desist all use of the AAA Marks. These letters further notified Defendant that its use of the AAA Marks in connection with its business was unauthorized and violated federal and state trademark infringement and unfair competition laws. In each letter, AAA set deadlines for Defendant to respond, all of which Defendant has ignored.

24. Despite having been notified repeatedly that its continued unauthorized use of the AAA Marks constitutes actionable trademark infringement, trademark dilution, false advertising, and unfair competition, Defendant continues to use the AAA Marks in its commercial activities.

25. It is likely that Defendant's continued use of the AAA Marks has caused, and causes, confusion among members of the public as to whether Defendant is authorized, sponsored, provided or endorsed by, or affiliated with AAA.

## COUNT I:
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(1)-(2) (2006))

26. AAA repeats and realleges the allegations set forth in paragraphs 1-25 above.

27. Defendant's use of the AAA Marks violates section 32(1) and (2) of the Lanham Act, 15 U.S.C. § 1114(1)-(2) (2006), because it constitutes willful and deliberate use in commerce of reproductions, counterfeits, copies, and/or colorable imitations of AAA's federally-registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of products and services in a manner likely to cause confusion, mistake, and deception.

28. On information and belief, Defendant's acts have been willful and deliberate.

29. AAA has been, and continues to be, irreparably damaged by Defendant's violations of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist from its unlawful use of the AAA Marks, Defendant's unlawful conduct will continue to cause injury to AAA and the public.

## COUNT II:
## FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a) (2006))

30. AAA repeats and realleges the allegations set forth in paragraphs 1-29 above.

31. Defendant's use of the AAA Marks described above violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (2006), because it constitutes willful and deliberate use in commerce of AAA's AAA Marks, which is likely to cause confusion, mistake, and deception as to the approval, origin, or sponsorship by AAA of products and services provided by Defendant, and which accordingly constitutes unfair competition and infringement of the AAA Marks.

32. On information and belief, Defendant's acts have been willful and deliberate.

33. AAA has been, and continues to be, irreparably damaged by Defendant's violation of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist its unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

## COUNT III:
## FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(c) (2006))

34. AAA repeats and realleges the allegations set forth in paragraphs 1-33 above.

35. Plaintiff's AAA Marks are famous. Defendant's use of the famous and distinctive AAA Marks violates section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) (2006), because Defendant began such use after AAA's AAA Marks became famous and because Defendant's use constitutes willful and deliberate use in commerce of marks that dilute the distinctive quality of AAA's famous and distinctive AAA Marks.

36. Defendant's use of AAA's AAA Marks dilutes the quality of the AAA Marks by diminishing their capacity to identify and distinguish AAA's goods and services.

37. On information and belief, Defendant willfully and deliberately intended either to trade on AAA's reputation and goodwill or to cause dilution of the AAA Marks.

38. AAA has been, and continues to be, irreparably damaged and harmed by Defendant's violation of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant to cease and desist from its unlawful use of the AAA Marks, Defendant's violation will continue to cause injury to AAA and the public.

**COUNT IV:**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**(815 Ill. Comp. Stat. 505/1 *et seq.*)**

39. AAA repeats and realleges the allegations set forth in paragraphs 1-38 above.

40. Defendant's use of the AAA Marks in the course of its business constitutes unfair competition and deceptive practices because the use employs deception, fraud, false pretense, misrepresentation or the concealment, suppression, and omission of such material fact, with intent that others rely upon the concealment, suppression, and omission in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2.

41. AAA has been, and continues to be, irreparably damaged and harmed by Defendant's violation of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant to cease and desist its unlawful use of the AAA Marks, Defendant's violation will continue to cause injury to AAA and the public.

## COUNT V:
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

42. AAA repeats and realleges the allegations set forth in paragraphs 1-41 above.

43. Defendant's unauthorized use of the AAA Marks in connection with advertising and sale of its goods and services constitutes common law trademark infringement and unfair competition under the law of Illinois because Defendant has used in commerce reproductions, counterfeits, copies, and/or colorable imitations of AAA's AAA Marks in connection with the sale, offering for sale, distribution, and advertising of products and services in a manner likely to cause confusion, mistake, and deception.

44. On information and belief, Defendant's acts have been willful and deliberate.

45. AAA has been, and continues to be, irreparably damaged by Defendant's violations of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist from its unlawful use of the AAA Marks, Defendant's unlawful conduct will continue to cause injury to AAA and the public.

## PRAYER FOR RELIEF

In view of the foregoing, Plaintiff AAA prays for the following relief:

A. An injunction:

(1) requiring Defendant, its agents, servants, employees, attorneys, and any and all persons in active concert or participation with it immediately and permanently to cease and desist from all use of the AAA Marks, or of any combinations of the letters "A," in any form or manner that resembles, suggests, or intimates that Defendant is approved or endorsed by, or otherwise affiliated with, AAA;

(2) requiring Defendant, pursuant to section 36 of the Lanham Act, 15 U.S.C. § 1118 (2006), to destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in its possession or control that contain the AAA Marks or any term, symbol, or logo confusingly similar to those marks; and to destroy any and all means in its possession or control of making any of those infringing items;

(3) requiring Defendant to have deleted or removed from publication any advertisements paid for or used by it containing any of the AAA Marks and any other name, mark, or logo confusingly similar to them;

(4) requiring Defendant to permanently delete and destroy all electronic content, including all websites, domain names, and other electronic materials displaying the AAA Marks and any other name, mark, or logo confusingly similar to them;

(5) requiring Defendant to file with the Court and serve on AAA, within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendant has complied with the Court's injunction and orders; and

B. Monetary damages equivalent to:

(1) Award to AAA monetary relief in an amount to be fixed by the Court in its discretion as just, including all damages sustained by AAA, a reasonable royalty, corrective advertisement damages, and/or all of Defendants' profits or gains of any kind resulting from their willful infringement, said amount to be trebled in view of the intentional nature of the acts complained of herein pursuant to 15 U.S.C. § 1117.

(2) Award punitive damages under the Illinois common law and statutory provisions cited herein, in view of the willful and wanton nature of Defendants' actions.

(3) Award to AAA its attorneys' fees, due to the exceptional nature of this case, and all of AAA's costs and expenses of litigation.

    C.    Grant to AAA such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

Dated: March 13, 2009

Respectfully submitted,

AMERICAN AUTOMOBILE ASSOCIATION

By: /s Brett E. Bachtell            .
     One of its Attorneys

Of Counsel:

| | |
|---|---|
| Richard W. Smith | Margaret M. Duncan |
| Joshua David Rogaczewski | Brett E. Bachtell |
| McDermott Will & Emery LLP | McDermott Will & Emery LLP |
| 600 13th Street N.W. | 227 W. Monroe Street |
| Washington, D.C. 20005 | Suite 4400 |
| Telephone: 202.756.8000 | Chicago, IL 60606 |
| Facsimile: 202.756.8087 | Telephone: 312.372.2000 |
| | Facsimile: 312.984.7000 |

*Attorneys for Plaintiff American Automobile Association*

CHI99 5097228-1.071641.0108